# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LINDA WAYNE, WIDOW OF
LARRY WAYNE,
Claimant Below, Petitioner**

**vs.)    No. 14-0858** (BOR Appeal No. 2049305)
(Claim No. 880055535)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent**

**and**

**SUN COAL COMPANY
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Linda Wayne, Widow of Larry Wayne, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2014, in which the Board affirmed a March 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 12, 2012, decision to deny dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wayne, a coal miner for Sun Coal Company, injured his kidneys when he was struck with an object in an underground mine on May 10, 1988. Twenty years later, on May 10, 2008, Mrs. Wayne, Mr. Wayne's widow, introduced records from May 10, 2008, through May 12, 2008, which shows Mr. Wayne was taken by ambulance to the emergency room with complaints of chest pain and possible pneumonia. Mr. Wayne was admitted to the Intensive Care Unit where he was treated with oxygen and medication. X-rays of his chest showed chronic obstructive pulmonary disease and mild congestive heart failure. Mr. Wayne was discharged on May 12, 2008, with a final diagnosis of chest pain; known coronary artery disease with history of four-vessel bypass surgery in 2003; severe, hard to control hypertension; chronic anemia, probably related to chronic renal insufficiency; type-II diabetes; history of atrial fibrillation; and peripheral vascular disease. From December 31, 2008, through January 2, 2009, medical records introduced by Mrs. Wayne show Mr. Wayne was seen in the emergency room complaining of rapidly progressing anemia and chest pains. Chest x-rays revealed some degree of underlying congestive heart failure. Mr. Wayne was discharged on January 2, 2009, with a diagnosis of chest pain suggestive of pericarditis or angina, marked anemia, worsening renal failure, marked peripheral edema, worsening generalized weakness, severe hypertension, poorly controlled diabetes, history of atrial fibrillation, and peripheral vascular disease. On February 20, 2009, Mr. Wayne had a hemodialysis fistula created for treatment of chronic renal insufficiency. On March 2, 2009, Mr. Wayne was seen in the emergency room complaining of chest pain and increasing shortness of breath. The assessment was chest pain and shortness of breath related to angina and congestive heart failure with increasing peripheral edema, known coronary artery disease with history of four-vessel bypass surgery in 2003, chronic kidney disease, worsening anemia, severe hypertension, and poorly controlled diabetes.

From March 20, 2009, through March 22, 2009, Mr. Wayne was seen with complaints of burning in his neck, pressure in his chest, and pain in his left shoulder. Labratory studies suggested worsening renal failure and Mr. Wayne was transferred to Charleston Area Medical Center for a cardiac and nephrology evaluation as well as possible dialysis. On May 5, 2009, Mr. Wayne was admitted to Charleston Area Medical Center for a non-ST elevated myocardial infarction. Mr. Wayne reported occasional chest discomfort over the weekend with vomiting and decreased appetite. The assessment was non-ST myocardial infarction, anemia, end stage renal disease on hemodialysis, and diabetes mellitus. On July 22, 2011, Mr. Wayne passed away. On July 23, 2011, Mrs. Wayne filed an application for dependent's benefits. According to Mrs. Wayne's application for benefits, Mr. Wayne sustained an occupational injury to his back and kidneys driving a shuttle car on May 10, 1988. Mr. Wayne was taken to the emergency room and transferred to Charleston Area Medical Center for blood in his urine and a bruised kidney.

On August 5, 2013, Mr. Wayne's death certificate was made available. The death certificate was completed by Jorge Gordinho, M.D. Dr. Gordinho listed cardiac arrest and anoxic brain injury as the immediate cause of death. He also asserted that end stage renal disease was a contributing cause. On September 12, 2012, the claims administrator denied dependent's benefits. The decision found that the death certificate indicated that Mr. Wayne died as a result of end stage renal disease, cardiac arrest, and anoxic brain injury. Additionally, the decision noted that the claim was only compensable for renal contusion. Furthermore, the records indicated that Mr. Wayne had severe pre-existing kidney disease with only minimal function in

both kidneys at the time of his compensable injury. Based upon this evidence, the claims administrator concluded that Mr. Wayne's death was not related to his compensable injury. Mrs. Wayne protested.

The Office of Judges found that Mrs. Wayne failed to show that her husband's compensable injury contributed in any material degree to his death. The Office of Judges recognized that according to Mrs. Wayne's claim application, Mr. Wayne's occupational injuries consisted of a back injury and a bruised kidney. However the Office of Judges found that Mrs. Wayne, however, introduced no evidence to indicate that a back injury or bruised kidney materially contributed to her husband's death. The Office of Judges noted that Mr. Wayne's death certificate indicates that his death was caused by cardiac arrest, an anoxic brain injury, and end stage renal disease. The Office of Judges noted that the medical records from Summersville Memorial Hospital and Charleston Area Medical Center show that Mr. Wayne was hospitalized on several different occasions in 2008 and 2009 for complications related to congestive heart failure and renal failure. The Office of Judges found that neither the death certificate nor any of the medical records relate Mr. Wayne's congestive heart failure or renal failure to a work-related injury or disease. Therefore, the Office of Judges affirmed the decision of the claims administrator to not grant dependent's benefits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. Pursuant to *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991), the correct standard to determine dependent's benefits is "whether the injury or disease contributed in any material degree to the death." Mr. Wayne sustained a kidney injury in 1988. There is no evidence in the record to show that his injury in 1988 had a causal connection with his chronic renal failure. His death certificate indicated that cardiac arrest and anoxic brain injury were primarily responsible for his death. Renal failure was listed as a secondary cause. Because there is no evidence to conclude that Mr. Wayne's 1988 injury in any way caused or contributed to his renal disease, Mrs. Wayne cannot show that his injury contributed to his death. Because Mrs. Wayne cannot show the injury contributed materially to her husband's death, the Office of Judges and Board of Review were not in error for denying dependent's benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified